**NOT FOR PUBLICATION**

DEC 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10220 |
| Plaintiff - Appellee, | D.C. No. 4:01-cr-01662-FRZ-JCG |
| v. | |
| URBANO NARIO-MARQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10225 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01498-FRZ-JCG |
| v. | |
| URBANO NARIO-MARQUEZ, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10227 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01499-FRZ-JCG |
| v. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

URBANO NARIO-MARQUEZ,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge , Presiding

Submitted December 10, 2010[**]
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

This appeal involves three consolidated cases. In 08-10225 ("Case 98"), Urbano Nario Marquez appeals his jury conviction and sentence for being a felon in possession of a firearm, being an illegal alien in possession of a firearm, possession with intent to distribute cocaine base (crack cocaine), possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking offense ("count 5").

In 08-10227 ("Case 99"), Nario Marquez appeals his conviction by guilty plea and sentence for being a felon in possession of a firearm, being an illegal alien in possession of a firearm, and illegal reentry after deportation.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 08-10220 ("Case 62"), Nario Marquez appeals the sentence imposed upon revocation of supervised release.

Following his jury trial conviction in Case 98, Nario Marquez entered into a guilty plea agreement governing all three cases. In addition to its other provisions, the plea agreement stated that by pleading guilty, Nario Marquez was waiving his right to appeal or collaterally attack his sentences or convictions and that the waiver "shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his sentence or conviction in this case." The agreement stated that the waiver applied to Case 98, Case 99, and Case 62. The remaining facts are known to the parties, and we do not repeat them.

Nario Marquez argues that the appellate waiver is unenforceable because ineffective assistance of counsel resulted in a waiver that was neither knowingly nor voluntarily made.[1] We review de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver.

---

[1] In his reply brief, Nario Marquez raises two additional arguments regarding the validity of the waiver. He contends that the waiver is unenforceable because he never expressly waived his right to appeal and because his sentence is not in accordance with the negotiated agreement. We decline to consider these arguments because "[t]his court will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356 (9th Cir. 1998) (quotation omitted).

*United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Generally, if a defendant has entered into a valid unconditional plea agreement "and still raises such issues on appeal, the government objects and the court dismisses the appeal." *United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007) (en banc) (citations omitted). Jurisdiction is proper under 28 U.S.C. § 1291, and we dismiss all appeals.

To be enforceable, a defendant's waiver of his appellate rights through a guilty plea agreement must be made knowingly and voluntarily. *Jeronimo*, 398 F.3d at 1153. "[A] waiver of the right to appeal is knowing and voluntary where the plea agreement as a whole was knowing and voluntarily made." *Id.* at 1154. Ineffective assistance of counsel can render a guilty plea–and the waiver contained therein–invalid. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To prevail on a claim of ineffective assistance of counsel based on the contention that a guilty plea was not knowing and voluntary, the defendant must demonstrate that (1) counsel's representations fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *See id.*

Even assuming that Nario Marquez's attorney's performance was constitutionally deficient, the ineffective assistance of counsel claim fails because the record does not support Nario Marquez's contention that he would have insisted on going to trial had he known about the mandatory consecutive sentence on count 5. During the sentencing hearing, once the judge realized that Nario Marquez's attorney had misinformed his client, the judge carefully explained that the agreement resulted in a minimum sentence of 184 months imprisonment and that he had no authority to run Nario Marquez's 60-month count 5 sentence concurrently to any other sentence. The judge then granted Nario Marquez and his attorney a recess to discuss this information. Following this conversation, Nario Marquez, through counsel, informed the court that he was ready to proceed and wanted to go forward with sentencing. Nario Marquez did not request a continuance or to withdraw his guilty plea. Thus, he has not demonstrated a reasonable probability that "but for" his counsel's error, he would have proceeded to trial.

Moreover, even with the unanticipated consecutive sentence on count 5, Nario Marquez still benefited from the plea agreement. The agreement provided that his sentence in Case 99 would run concurrently with the sentence he received in Case 98. Essentially, the agreement promised that he would not serve additional

time for Case 99. Had he gone to trial in Case 99 and lost, he faced a 10-year maximum sentence on each of the three counts. For these reasons, his ineffective assistance of counsel claim fails and we dismiss his appeals.

**DISMISSED.**